IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RALPH PERDIGONE, | § | |
| | § | |
| v. | § | C.A. NO. C-07-020 |
| | § | |
| NATHANIEL QUARTERMAN. | § | |

**ORDER DENYING APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Stevenson Unit in Cuero, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). He has not yet paid the habeas filing fee, or filed a motion to proceed *in forma pauperis*.[1] Moreover, service of process on respondent has not yet been ordered. Pending is petitioner's motion for the appointment of counsel and an evidentiary hearing. (D.E. 7).

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing basis for evidentiary hearing).

---

[1] Petitioner has notified the Court that he submitted an Inmate Request for Withdrawal form in the amount of $5.00 for the filing fee. (D.E. 7, at 1).

Petitioner is challenging the sentence that he received in his conviction by the 105th District Court in Kleberg County, Texas. (D.E. 1, at 1). In the pending motion, he requests that an evidentiary hearing be set as soon as possible. Id. Because respondent has not been served yet, at this stage, an evidentiary hearing is premature.

Moreover, there is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore ORDERED that petitioner's motion for the appointment of counsel and an evidentiary hearing, (D.E. 7), be DENIED without prejudice.

ORDERED this 26th day of January 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE