IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RALPH PERDIGONE,                      §
TDCJ-CID # 1325227,                   §
                    Petitioner,        §
                                      §
v.                                    §          C.A. NO. C-07-20
                                      §
NATHANIEL QUARTERMAN,                 §
DIRECTOR, TDCJ-CID,                   §
                    Respondent.        §

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), and currently is incarcerated at

the Stevenson Unit in Cuero, Texas.  Proceeding pro se, petitioner filed this habeas

corpus petition pursuant to 28 U.S.C. § 2254 on January 12, 2007.  (D.E. 1).  On

April 9, 2007, respondent filed a motion for summary judgment arguing that

petitioner has failed to demonstrate that he is entitled to habeas relief.  (D.E. 19).

For the reasons stated herein, it is respectfully recommended that the respondent's

motion for summary judgment be granted.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>,
235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 105th
Judicial District Court of Kleberg County, Texas, and therefore, jurisdiction is
proper in this Court.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and
sentence of the 105th Judicial District Court of Kleberg County, Texas, in cause
number 99-CRF-288, styled <u>The State of Texas vs. Ralph Edward Perdigone</u>.  <u>Ex
Parte Perdigone</u>, App. No. WR-65,377-01, at 2.  On July 27, 2005, pursuant to a
plea agreement, petitioner pleaded guilty to possession of marijuana and was
sentenced to three years confinement in TDCJ-CID.  <u>Id.</u>  He was given 154 days
credit towards his sentence for time he spent in jail between the time of his arrest
and the time of sentencing.  <u>Id.</u> at 4.  The judgment, which was signed on August 1,
2005, did not specify that his sentence for possession of marijuana was to run
concurrently with an unrelated two-year sentence he was already serving.  <u>See id.</u>
at 2-4.  On October 13, 2005, the judge issued a judgment nunc pro tunc, which
specified that the August 1, 2005 judgment included that his sentence was to run
concurrent with any sentence for another offense unless otherwise stated.

Petitioner contends that pursuant to the plea agreement, he was to be given

credit for time served prior to the date he was arrested and sentenced for cause number 99-CRF-288 because the judge agreed that his sentences could run concurrently.  See (D.E. 1, at 1-2); see also Ex parte Perdigone, App. No. WR-65,377-01, at 19.  On February 6, 2006, he filed a state habeas application to challenge the calculation of his sentence.  Ex parte Perdigone, App. No. WR-65,377-01, at 24.  The Texas Court of Criminal Appeals denied his application without written order on August 16, 2006.  Id. at cover.  On January 12, 2007, he filed this petition.  (D.E. 1, at 5).  This action was consolidated with Perdigone v. Quarterman, 2:07cv102.  (D.E. 16).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas relief:

(1)     He claims the state did not meet the requirements of the plea agreement he entered into because it denied him credit for time served on another sentence from October 8, 2003, Perdigone v. Quarterman, 2:07cv102, (D.E. 1, at 6); and

(2)     He claims he received ineffective assistance of trial counsel because counsel failed to follow up to see that his sentences would run concurrently, id. 7, 9-10

## IV.  EXHAUSTION OF STATE REMEDIES

Respondent concedes that petitioner has exhausted his state remedies as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (D.E. 19, at 2).

## V.  STANDARD OF REVIEW

**A.    Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the AEDPA, which is applicable to habeas petitions filed after its effective date, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); 28 U.S.C. § 2254(d)(1); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at

694 (citing <u>Williams</u>, 529 U.S. at 404-05).  The <u>Bell</u> Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

<u>Id.</u> (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas corpus merely on the finding of an error by a state court, but rather only where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to review only a state court's decision, and not the written opinion explaining its decision.  <u>Anderson v. Johnson</u>, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  <u>Santellan v. Cockrell</u>, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore,

a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a

state court during review of a petitioner's state petition for habeas corpus relief.

See Morrow, 367 F.3d at 315.  The burden to rebut the presumption of correctness

remains on petitioner even if the state "hearing was a 'paper' hearing and may not

have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th

Cir. 2001)).  The Fifth Circuit has stated that the presumption of correctness also

applies to mixed questions of law and fact.  Valdez, 274 F.3d at 948 n.11 ("The

presumption of correctness not only applies to explicit findings of fact, but it also

applies to those unarticulated findings which are necessary to the state court's

conclusions of mixed law and fact.") (citations omitted).  Findings of fact may be

implied from conclusions of law.  See Goodwin v. Johnson, 132 F.3d 162, 183-84

(5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438,

441 (5th Cir. 1995); <u>Celotex</u>, 477 U.S. at 322-23.

## VI.  DISCUSSION

**A.    Application of the AEDPA's Deference to Petitioner's Claim.**

To the extent petitioner raised similar claims in his state application for

habeas relief, Texas state courts have already considered and rejected petitioner's

claims.  <u>Ex parte Perdigone</u>, App. No. WR-65,377-01, at cover.  The Texas Court

of Criminal Appeals denied his state habeas application without written order.  <u>Id.</u>

This denial of petitioner's application, even though it does not contain a written

opinion, is not silent or ambiguous.  <u>See</u> <u>Ex parte Torres</u>, 943 S.W.2d 469, 472

(Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the

merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28

U.S.C. § 2254(d); <u>see</u> <u>also</u> <u>Neal v. Puckett</u>, 239 F.3d 683, 686 (5th Cir. 2001) (in

the context of federal habeas proceedings, "adjudication 'on the merits' is a term of

art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  <u>See</u>

<u>Morrow</u>, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless

he can demonstrate that the state court's adjudication on his claims was "contrary

to, or involved an unreasonable application, of clearly established federal law" or

was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.      Petitioner Has Failed to Demonstrate He Is Entitled to Federal Habeas Relief for a Breach of the Plea Agreement.**

Petitioner apparently contends that the state has not complied with the plea agreement he entered into because he has not been given credit towards his sentence for time he served on another sentence that was imposed before he was arrested for the conviction for which he is currently incarcerated.  <u>See</u> (D.E. 1). Petitioner was awarded 154 days of credit towards his sentence for the time he spent in jail between the time of his arrest and the time his sentence was imposed. <u>Ex parte Perdigone</u>, App. No. WR-65,377-01, at 4.  In addition, pursuant to the court's judgment nunc pro tunc, his sentence was to run concurrent with his sentence for an unrelated offense for which he was already incarcerated.  <u>Id.</u> at 8.

**1.      Review of a Claim for Breach of Plea Agreement.**

The Fifth Circuit has held that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."  <u>Montoya</u>, 226 F.3d at 405 (citation omitted).  The state must fulfill its promises, and a breach of a promise taints the voluntariness of the plea.  <u>Id.</u> (citations omitted).  "[A]n unfulfilled state promise obtained in return for a plea of guilty will entitle a prisoner to habeas relief."  <u>McNeil v. Blackburn</u>, 802 F.2d 830, 832 (5th Cir. 1986) (per curiam).

A petitioner who alleges breach of a plea agreement bears the burden of

10

demonstrating, by a preponderance of the evidence, the facts that establish the

breach.  United States v. Lewis, 476 F.3d 369, 387 (5th Cir. 2007) (citation

omitted); United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) (citation

omitted).  The Fifth Circuit has also noted that courts are to apply general

principles of contract law to interpret the terms of the plea agreement.  Lewis, 476

F.3d at 387 (citation omitted); see also United States v. Farias, 469 F.3d 393, 397

(5th Cir. 2006) (citation omitted) ("We construe the agreement like a contract,

seeking to determine the defendant's 'reasonable understanding' of the agreement

and construing ambiguity against the Government.").  To determine whether a plea

agreement has been violated, the Court has to determine "whether the

government's conduct is consistent with the defendant's reasonable understanding

of the agreement."  United States v. Valencia, 985 F.2d 758, 761 (5th Cir. 1993);

accord Farias, 469 F.3d at 397 n.4.  However, the Fifth Circuit has held that a

defendant must show that a plea agreement has been objectively misrepresented,

and "'the defendant's subjective belief alone is not sufficient to invalidate a guilty

plea.'"  Montoya, 226 F.3d at 406 (citation omitted).

### 2.    Petitioner Has Failed to Demonstrate He Is Entitled to Relief.

In Texas, although there is no federal constitutional right to credit for time

served between an arrest and sentence, "defendants are entitled to time credit

toward their sentences for time spent in confinement <u>from arrest to sentencing</u>.”
<u>Ex parte Walker</u>, 150 S.W.3d 429, 431 (Tex. Crim. App. 2004) (en banc) (citations omitted) (emphasis added); <u>see also</u> <u>Ex parte Price</u>, 922 S.W.2d 957, 958-59 (Tex. Crim. App. 1996) (en banc) (per curiam) (citation omitted).  Petitioner has received credit for the time he spent in jail from the time of his arrest to the time of his sentencing, which was 154 days.  <u>Ex parte Perdigone</u>, App. No. WR-65,337-01, at 4.  In addition, his sentence has run concurrent with any <u>remaining</u> time he had to serve on his prior sentence.  <u>Id.</u> at 8.

Petitioner apparently believes that pursuant to the plea agreement, he was to receive credit for time served on his prior sentence before he was arrested and sentenced for his Kleberg County conviction, such that he would receive a full two years of credit towards his three year sentence for this conviction.  <u>See</u> (D.E. 1).  Petitioner’s contention that the state promised him credit for that time is not supported by the record.  He asserts that the trial judge stated that he would receive credit for all time credits to which he was lawfully entitled.  (D.E. 22, at 2).

Petitioner has failed to demonstrate that he is lawfully entitled to any credit for time served in addition to the credit that he has already been given.  He has not presented any evidence that the state promised that his sentence would be discharged due to time that he had served for an unrelated offense.  Even if his

12

subjective belief was that he was to receive two full years credit towards his sentence, he has not presented any evidence that the prosecution objectively misrepresented the plea agreement.  Furthermore, he has not demonstrated that the state court's finding that the plea agreement was not breached was unreasonable, or contrary to federal law, and the state court's factual finding that a promise was not breached is entitled to a presumption of correctness.  Finally, petitioner has not presented any evidence to overcome the presumption of correctness to which the state court's findings are entitled.

It is respectfully recommended that petitioner has failed to state a claim for federal habeas relief based on the state's denial of credit towards his sentence in conviction 99-CRF-288 for time he served for a prior sentence.

**C.      Petitioner's Claim of Ineffective Assistance of Counsel.**

**1.      Standard of Review Pursuant to <u>Strickland v. Washington</u>.**

The Fifth Circuit has stated that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself."  <u>United States v. Guidry</u>, 462 F.3d 373, 378 n.6 (5th Cir. 2006) (citation omitted).  If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-

pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)."
Uresti v. Lynaugh, 821 F.2d 1099, 1101 (5th Cir. 1987).  Therefore, "[t]o
demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner]
must establish that his trial counsel's performance: (1) fell below an objective
standard of reasonable competence and (2) that he was prejudiced by his counsel's
deficient performance."  James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995) (citation
omitted).  Petitioner has the burden of proof under the Strickland test.  See Carter
v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).  In order to show counsel's
performance was deficient, petitioner must show that "counsel made errors so
serious that counsel was not functioning as the 'counsel' guaranteed the defendant
by the Sixth Amendment."  Strickland, 466 U.S. at 687.

    Counsel's challenged conduct should be evaluated from the perspective of
counsel at the time the conduct occurred.  Id. at 690.  Due to the difficulties
inherent in engaging in this analysis without being tainted by "the distorting effects
of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.
The reviewing court must give great deference to counsel's performance, strongly
presuming that counsel has exercised reasonable professional judgment.  Id. at 690;
see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong
presumption that counsel's conduct falls within a wide range of reasonable

14

professional assistance).

The Fifth Circuit has established that with respect to a guilty plea, counsel "must actually and substantially assist his client in deciding whether to plead guilty ... [and] provide the accused an 'understanding of the law in relation to the facts.'" Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered voluntarily and knowingly, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice.") (citations omitted).  The attorney's advice "need not be perfect, but it must be reasonably competent." Id. (citation omitted).  For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'" Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted).  A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'" Smith v. Estelle, 711 F.2d

15

677, 682 (5th Cir. 1983) (quoting <u>Tollett v. Henderson</u>, 411 U.S. 258, 266 (1973)).

A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice. <u>Strickland</u>, 466 U.S. at 697; <u>Amos v. Scott</u>, 61 F.3d 333, 348 (5th Cir. 1995). "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order." <u>Czere</u>, 833 F.2d at 63 (citation omitted). The Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness." <u>Moody v. Johnson</u>, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). "When a defendant complains about attorney error concerning a plea, *Strickland*'s prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." <u>Uresti</u>, 821 F.2d at 1101 (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)); <u>accord</u> <u>Theriot v. Whitley</u>, 18 F.3d 311, 312 (5th Cir. 1994) (per curiam) (citing <u>Hill</u>).

In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief. <u>See</u> <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [the petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three

claims of ineffective assistance were conclusory.") (emphasis in original).  The

Fifth Circuit has further held that "'[i]n the absence of a specific showing of how

these alleged errors and omissions were constitutionally deficient, and how they

prejudiced [petitioner], ... we [can find] no merit to these [claims].'"  Id. (quoting

Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to

ineffective assistance of counsel, petitioner must overcome the presumption of

correctness to which the state court's findings are entitled.  See Schaetzle v.

Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for

federal habeas purposes is *not* whether [petitioner made a showing under

*Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not*

make the *Strickland*-showing-was contrary to, or an unreasonable application of,

the standards, provided by the clearly established federal law (*Strickland*), for

succeeding on his IAC claim.") (emphases original).  The Fifth Circuit has

determined that "under AEDPA a state court decision rejecting a *Strickland* claim

must be accepted unless it was an unreasonable application of its teaching."

Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732

(2006).

**2.      Petitioner's Claim is Without Merit.**

Petitioner does not plead any facts that indicate that his counsel coerced him to plead guilty, or that would render his plea involuntary.  He alleges that his counsel failed to follow up with the state following the judgment to make sure that he was given proper credit for time served.  However, as he has not shown that he would not have pleaded guilty but for his counsel's advice or actions, he cannot successfully assert that he suffered prejudice as a result of his counsel's actions.  Furthermore, he has not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that to the extent petitioner claims that ineffective assistance of counsel caused him to involuntarily or unintelligently plead guilty, his claim is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

18

a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 19), be granted, and that petitioner's petition for writ of habeas corpus be dismissed with prejudice.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 22nd day of May 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).